*Byers and Miniken vs. Aiken.*

tally independent covenants, that ever came before a court. The cases quoted by opposing counsel, have not the slightest reference to their case.

---

## BYERS AND MINIKEN *vs.* AIKEN.

Where A. sold land and agreed to convey the same by a particular day, the purchaser and not the vendor, is bound to prepare and tender the deed. The purchaser cannot maintain an action for a breach of contract, without having tendered a conveyance and the purchase money.

The expense of the conveyance must be borne by the purchaser, unless there is an express stipulation to the contrary.

And in an action for the purchase money, a plea, alleging that the plaintiff refused to execute a conveyance according to agreement, is bad if it does not aver that a deed was tendered by the purchaser to the vendor, and he refused to execute it—or, that the vendor took upon himself to prepare a deed, but afterwards refused to execute it.

On demurrer to a replication, the plaintiff may take advantage of a defect in the plea.

A purchaser, taking a parol agreement instead of a written one, from the vendor, will not be permitted to avail himself of his own act to avoid his contract.

THIS was an action of debt, determined in the Independence Circuit Court, at June term, 1842, before the Hon. THOMAS JOHNSON,

one of the circuit judges. Aiken sued Wm. Byers, John Miniken, and J. H. Byers, on a bond for $300. J. H. Byers was not served, and a discontinuance entered as to him; the other defendants craved oyer of the writing sued on which was granted, and they pleaded separately, payment *at*, and *after* the day, *set-off*, and failure of consideration. Upon the three first pleas issues were joined. The fourth plea stated, in substance, that the defendants executed the bond for no other consideration than, that Aiken and wife would immediately, to wit, on the 18th Nov., 1839, the same day of the date of the bond, execute a good and sufficient deed, in fee simple, conveying to the defendants a certain tract of land, mentioned in the pleas; and averred that there was no memorandum reduced to writing, signed by Aiken and wife, binding them to convey; that Aiken and wife did not convey, or offer to do so, on the day agreed, nor on any other day thereafter previous to the commencement of *suit*, wherefore the consideration for the bond had *entirely failed*, &c. Aiken replied, admitting the plea to be true, but set up in avoidance, that immediately after the execution of the bond, he was ready and willing to convey, and still was so ready and willing, and brought into court a good and sufficient deed for the land, and thereby offered it to the defendants. Demurrer to these replications, assigning for cause, that the deed should have been made or offered, before suit brought; that the matters replied were not sufficient, &c. The demurrer was overruled, the pleas "quashed," and final judgment for Aiken, on the demurrer and issues to the other pleas. Byers and Miniken appealed.

*Wm. Byers*, for appellants.

*Linton & Batson*, contra.

*By the Court*, LACY, J. The point to be decided is, on whom does the law devolve the duty of preparing and tendering the deed between the vendee and vendor. The rule on this subject is thus laid down by Sugden in his admirable treatise on Vendors, at page 178, "That the purchaser, and not the vendor, is bound to prepare

and tender the conveyance." This point was expressly adjudged in a late case before the court of Exchequer in *Baxter vs. Lewis*, 1 *Fo. rep. Exchq.*, and in *Webb vs. Batte*, 1 *Lev.* 44.   Windham, Judge, said that "where a person is to execute a conveyance generally, there the counsellor of the purchasor is entitled to draw it, and there the purchaser ought to tender it." And it is upon this principle that a purchaser cannot maintain an action for a breach of contract without having tendered a conveyance and the purchase money. *Jones vs. Barkley*, *Doug.* 684. *Phillips vs. Fielding*, 2 *H. Black.* 123. The expense of the conveyance must be borne by the purchaser, if there is not an express stipulation to the contrary. The rule seems to have been otherwise during the early stages of the common law. But upon the modification of estates, which brought with it the difficulties that surround modern conveyances, it became necessary to make an abstract of the numerous instruments of title, for the purpose of submitting it to the purchaser's counsel, and then it was settled as a principle of practice, that it was the purchaser's duty to prepare and tender the deed, and this at his own cost. The reasonableness or justice of the rule may be somewhat difficult to discover at the present day, but the principle being unquestionably settled, it would work injustice and wrong now to change it, and we are not at liberty to do so to remedy a partial evil. We are not aware of any adjudication to the contrary, except a few cases in Blackford's Reports, and some loose dicta thrown out by the English judges; and these are wholly insufficient to overrule the general current of both American and English authorities; and that too where the point has been expressly and solemnly ruled on many occasions. The law is so written and we cheerfully obey its mandate. This position being true, it necessarily follows, that the fourth plea of plaintiffs in error, constitutes no good bar to the action. That plea alleges that the vendor was bound to convey generally in fee, a certain tract of land, immediately after the execution of the obligations of the vendees, for the amount of the purchase money; but it wholly fails to aver that they prepared and tendered the conveyance which was refused to be signed and delivered according to the contract, or, that the vendor, by the terms of the agreement, expressly took upon himself the duty and cost of

preparing and tendering the deed, which he neglected or omitted to do. For the want of one or the other of these averments, we hold the plea to be fatally defective, and of course it was reached by the demurrer to the replication. We do not think these defects are cured by the pleas alleging that the contract to convey rested in parol. If the purchasers thought proper to take from the vendor a parol agree- ment, instead of a written one for the conveyance, they will not be permitted to avail themselves of their own act to avoid their contract. Judgment affirmed.